IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Anthony LoRusso, | Case No.: 1:22-cv-3526-JD-SVH |
| Plaintiff, | |
| vs. | **OPINION & ORDER** |
| Senator Lindsey Graham, | |
| Defendant. | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Shiva V. Hodges ("Report and Recommendation" or "Report") (DE 10), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1]  Plaintiff Michael Anthony LoRusso ("LoRusso" or "Plaintiff"), proceeding *pro se*, filed this Complaint against Defendant Senator Lindsey Graham ("Senator Graham" or "Defendant") alleging "Defendant spread lies of the 2020 election, Covid-19 vaccines, and defense of Donald Trump." (DE 9, p. 1).  He claims that no Republican can claim "they are for law and order" while trying to block a subpoena, which he alleges Defendant is doing. (Id. at 2.)  Plaintiff further alleges Defendant telephoned the Georgia Secretary of State "to engage in a conspiracy to find 11,780 votes." (Id.)  Although Plaintiff claims to have suffered emotional damage and abuse directly from Defendant's actions, he has not provided allegations describing a link between his injuries and the allegations.  (Id. at 1.)

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

On November 10, 2023, the Magistrate Judge issued the Report (DE 10), recommending this case be summarily dismissed because, among other things, Plaintiff's Complaint does not contain any factual allegations of constitutional wrongdoing by Defendant that affected Plaintiff such that Plaintiff has standing to bring a claim. Plaintiff filed an objection to the Report on November 28, 2022.[2] (DE 12.) After review of the record and the Report, the Court adopts the Report and incorporates it herein.

## DISCUSSION

District Courts are authorized to dismiss a case filed *in forma pauperis* if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, this Court is charged with screening lawsuits brought by prisoners that seek "redress from a governmental entity or officer or employee of a governmental entity," to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to

---

[2] To be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The Court finds many of Plaintiff's objections are non-specific because Plaintiff has not provided any information for the Court to focus attention to in the record. For instance, Plaintiff objects to the Report's recommendation regarding the sufficiency of his allegations. (DE 12, p. 5.) However, Plaintiff does not identify any evidence in the record for the Court's consideration. Rather, Plaintiff simply refers to matters outside of the record for the Court to consider (i.e., "See: Stewart Rhodes Trial in Washington DC[]"). In addition, Plaintiff claims he is entitled to relief due to emotional abuse but offers nothing in the record to support this claim. Accordingly, the Court overrules these objections.

state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), 1915A(c).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292). Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

Plaintiff's objection states "[v]iolation of the fourteenth amendment lack of Covid 19 testing with direct views of Defendant." (DE 12, p. 6.) Plaintiff also states, "[a]s Article III (I) plaintiff suffered a[n] injury in fact. That plaintiff is with all the Negores (sic), Sex Offenders, uneducated People 'Cess Pool' (sic) of The Florida Department of Corrections." (Id.) Nevertheless, Plaintiff's objections do not contain any additional factual allegations of constitutional wrongdoing by Defendant that affected Plaintiff such that he has standing to bring a claim. The constitutional minimum of Article III standing has three elements: (1) The plaintiff must have suffered an injury in fact, (2) an injury that is fairly traceable to the challenged conduct of the defendant, and (3) an injury that is likely to be redressed by a favorable judicial decision. See Lujan v. Defenders of Wildlife, et al., 504 U.S. 555, 560-61 (1997). Although Plaintiff claims he has suffered "emotional damage and abuse," his allegations are too attenuated to show an actual injury or how his injury is traceable to Defendant's conduct. Accordingly, Plaintiff's objection is overruled.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds that there is no clear error on the face of the record, and therefore, adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's case is summarily dismissed without prejudice.

**IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 22, 2023

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.